In Re Ellen J. SCHUERGER, Patient.

No. 1212-51.

United States District Court District of Columbia.

Oct. 5, 1964.

[redacted] 

[redacted]

[redacted]

Office of the Corp. Counsel, Albert S. Povich, Washington, D. C., for petitioner.

Ford E. Young, Jr., Washington, D. C., for respondent.

LEONARD P. WALSH, District Judge.

This matter comes before this Court on remand from the United States Court of Appeals for the District of Columbia Circuit for a determination of the date when retroactive payments should commence by way of contribution by Clarence N. Beach, Sr., father of the Patient, toward his daughter's maintenance at St. Elizabeth's Hospital.

Hearing was held and evidence introduced, and counsel requested to submit memoranda. The Court has now reviewed the entire record and considered the testimony, evidence and memoranda of counsel, and it is the opinion of this Court that the date for which the retroactive payments should commence is March 14, 1961.

In its Opinion in Beach v. Government of the District of Columbia, 320 F.2d 790 (1963), cert. denied, 1963, 375 U.S. 943, 84 S.Ct. 351, 11 L.Ed.2d 274, the Court of Appeals stated:

> "The $75.00 per month from the initiation of the present proceedings is well justified factually, as we have said, and, in addition, comes within the statutory plan. But the requirement of $75.00 per month should be made retroactive only from the time the District authorities took such steps with respect to the father as amounted to a *demand upon him* for contribution." (emphasis ours)

At the hearing there was submitted in evidence copies of letters from the Office of the Collector of Taxes, D. C., to Mr. Beach and his then attorney. The first letter dated September 26, 1951, advised Mr. Beach that reimbursement for his daughter's care "may be required" and requested that Mr. Beach contact the proper District Government official to discuss the matter. Through counsel, the District was advised that Mr. Beach was not in a position to make such payments by reason of his age and health and his financial situation. Further correspondence to the same effect followed; the District Government directing letters to Mr. Beach or his attorney on October 4, and November 1, 1951, July 17, 1952, and April 8, April 20 and May 2, 1960.

It is the opinion of this Court that none of these letters from the District to Mr. Beach or his attorney can be considered in the nature of a demand for payment; they merely suggest the possible need for a contribution, the ability of Mr. Beach to make such contribution, and request that Mr. Beach arrange for a conference with the proper official to discuss the matter. On March 14, 1961, almost ten years after directing the first letter to Mr. Beach, the District authorities filed the Rule to Show Cause, and thereby, for the first time, "took such steps with respect to the father as amounted to a demand upon him for contribution."

214

The Court therefore finds that demand upon Mr. Clarence N. Beach, Sr., by the District Government for contribution for the care of his daughter at St. Elizabeth's Hospital was made on March 14, 1961. Judgment will be entered for the Petitioner, Government of the District of Columbia, against the Respondent, Clarence N. Beach, Sr., for retroactive payments to begin on March 14, 1961.

Counsel for the Petitioner to submit an appropriate order.